IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HSBC Bank USA, National Association, | : | |
| | : | Case No. 2:07-cv-00570 |
| Plaintiff | : | |
| v. | : | |
| | : | Magistrate Judge Abel |
| Tye Walton, et. al, | : | |
| Defendants | | |

ORDER

This matter is before the Magistrate Judge for Plaintiff's motion for summary judgment. (Doc. 7.) The case was referred to the Magistrate Judge on September 13, 2007. (Doc. 14.) For the reasons below, Plaintiff's motion for summary judgment is GRANTED.

Background

Plaintiff brought suit against Defendants Tye Walton and Ginger R. Walton on an accelerated note ("Note") and the corresponding security agreement on June 15, 2007. (Docs. 1, 3.) Defendants answered the complaint on July 5, 2007. (Doc. 5.) On July 6, 2007, Plaintiff moved for summary judgement. (Doc. 7.) Defendants did not respond.

The Note was issued by Option One Mortgage on June 1, 2006, and signed by Tye Walton and Ginger R. Walton. (Doc. 3, Ex. A.) It requires monthly payments to be made starting on the first day of each month; the first payment being due on July 1,

1

2006. (Doc. 3, Ex. A, ¶ 3.) The Note also requires a late payment charge of 6% if payment is not made within 15 calendar days from the due date. (Id. at ¶ 7.) Failure to pay the monthly payment on time also results in default, which gives the noteholder the right to accelerate the Note. (*Id.*) Plaintiff, HSBC Bank USA, is the current owner and holder of the Note. (Doc. 7, Ex. A, ¶ 2.) The Note has been accelerated after the borrowers' default and notice was given to the borrowers of the default. (Doc. 3, ¶ 6; Doc. 5, ¶ 3.) As a result of the Note's acceleration (and the corresponding mortgage), Defendants owe the sum of $137,318.64 (unpaid principal), plus interest on the outstanding balance at the rate of 9.125% per annum from April 1, 2007, plus late charges, plus advances made for the payment of taxes, assessments, and insurance premiums. (Doc. 3, Ex. A; Doc. 7, Ex. A.)

Plaintiff has a security interest by means of a corresponding mortgage issued on June 1, 2006. (Doc. 1, Ex. B; Doc. 7, Ex. A.) The property that is the subject of the mortgage is: 6256 Emberwood Rd., Dublin, Ohio 43017. (Doc. 1, Ex. B, p.1.) The property's legal description is: Lot Number Two Hundred Sixty-five (265), in Riverside Green South Section 6, as the same is numbered and delineated upon the recorded plat thereof, of record in Plat Book 59, Page 65, Recorder's Office, Franklin County, Ohio. (*Id.*) Plaintiff's mortgage is a valid subsisting lien subject to the lien held by the County Treasurer, and as the holder of the mortgage it is entitled to foreclose. (Doc. 1, Ex. B, Ex. C, p. 4.)

Summary Judgment Standard

Summary judgment is governed by Rule 56(c) of the Federal Rules of Civil Procedure which provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

"[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986) (emphasis in original); *See also Kendall v. The Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). Summary judgment will not lie if the dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 247-248. The purpose of the procedure is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried. *See Lashlee v. Sumner*, 570 F.2d 107, 111 (6th Cir. 1978). In a motion for summary judgment the moving party bears the "burden of showing the absence of a genuine issue as to any material fact, and for these purposes, the [evidence submitted] must be viewed in the light most favorable to the opposing party." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970) (footnote omitted). Inferences to be drawn from the underlying facts contained in such materials

3

must be considered in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962); *Bell v. United States*, 355 F.3d 387, 392 (6th Cir. 2004).

Discussion:

On the undisputed facts, the Court finds that Tye Walton and Ginger R. Walton executed the Note and are therefore liable on it. Plaintiff as holder of the Note is entitled to the amounts outstanding on acceleration of the Note and the corresponding mortgage. The Court also finds that there is due on the Note principal in the amount of $137,318.64 plus interest on the principal amount at the rate of 9.125% per annum from April 1, 2007. The Court further finds that there is due on the Note late charges imposed under the note, advances made for payment of real estate taxes, and assessments and insurance premiums incurred in relation to the Note and mortgage except to the extent the payment of one or more of these items is prohibited by Ohio law.

The Court hereby enters judgment in the amount of $137,318.68 plus interest on the principal amount at the rate of 9.125% per annum from April 1, 2007 against Tye Walton and Ginger R. Walton.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that unless the sums found to be due to Plaintiff are fully paid within ten (10) days from the date of entry of this decree, the equity of redemption of the Defendants title holders in the subject property shall be foreclosed and the property shall be sold free of the interests of all parties to this action subject to redemption by Defendants pursuant to O.R.C. §

2329.33. In addition, an order of sale shall issue to the Special Master, directing him to appraise, advertise and sell the property according to the law and the orders of this Court and to report his proceedings to this Court. Notice of the time and place of the sale of the property shall be given to all persons who have an interest in the property according to provisions of O.RC. § 2329.26. All amounts payable under O.R.C. § 323.47 shall be paid from the proceeds of the sale before any distribution is made to other lien holders. Upon distribution of the proceeds, pursuant to the order of Confirmation of Sale and Distribution, a certified copy of the Order shall be issued to the Franklin County Recorder and Clerk of Courts directing them to enter the same on the margin of the records of the mortgages and liens, releasing the liens adjudicated herein from the premises.

    IT IS SO ORDERED.

                                              s/Mark R. Abel  
                                              United States Magistrate Judge